**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT BUNKLEY,**

                **Plaintiff,**

**-vs-**                                               **Case No.  6:08-cv-1354-Orl-22KRS**

**REV-CUT MOWER, INC.,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. No. 18)**
>
> **FILED:**      **December 15, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On August 8, 2008, Plaintiff Robert Bunkley filed a complaint against Defendant Rev-Cut Mower, Inc., for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA). Doc. No. 1. The complaint was styled as a collective action. However, no other employees have filed notices to join in the action.

Subsequently, the parties reached a settlement for which they now seek court approval. Doc. Nos. 18, 22. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In response to the Court's Interrogatories, Bunkley averred that he was owed wages of $7,533.00, plus liquidated damages in the same amount. Doc. No. 14. After Defendant filed its verified summary and the parties held settlement discussions, a legal question arose regarding the method of calculating the amount of overtime compensation allegedly due. Using the alternative calculation, Bunkley arguably would be due $1,230.38 in unpaid overtime compensation. Doc. No. 18 at 3.

Under the settlement agreement, Bunkley will receive $2,460.76, which is substantially less than Bunkley originally sought but exceeds the amount he would arguably be due under the alternative calculation. Doc. No. 22. In the settlement negotiations, all parties were represented by experienced counsel. Based on the representations by the parties, Doc. No. 18, I conclude that the amount Bunkley will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1352-53.

Accordingly, I respectfully recommend that the Court do the following:

1. **DISMISS** the collective action allegations in the complaint;

2. **FIND** that the amount received by Plaintiff Bunkley is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

3. **DISMISS** the case as to Plaintiff Bunkley with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

4. **DIRECT** the Clerk of Court to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 29, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE